```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VALENTINA VELEVA, on behalf of herself
and all other persons similarly situated,
                                Plaintiffs,        CASE NO.: 1:24-cv-04930-MKV
        v.
                                                   ANSWER
SEBASTIAN'S PIZZERIA INC. d/b/a
LAZZARA'S PIZZA, SEBASTIAN
LAZZARA, and TONY LAZZARA,
                                Defendants.
----------------------------------------------------------------X
```

Defendants SEBASTIAN'S PIZZERIA INC. d/b/a LAZZARA'S PIZZA, SEBASTIAN LAZZARA, and TONY LAZZARA, as individual defendants (hereinafter referred to as the "Defendants"), by their attorney, Law Offices of Mitchell S. Segal, P.C., as and for their answer to Plaintiffs' Complaint (the "Complaint"), deny each and every allegation contained in the Complaint except as admitted or otherwise qualified herein, and allege on knowledge with respect to themselves and their own acts and on information and belief as to all other matters that they:

## JURISDICTION AND VENUE

1. Paragraph "1" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants aver that Plaintiffs seek the jurisdiction of this Court.

2. Paragraph "2" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants aver that Plaintiffs seek the jurisdiction of this Court.

## THE PARTIES

3. The Defendants admit the allegations contained in Paragraph "3" of the Complaint.

4. The Defendants admit the allegations contained in Paragraph "4" of the Complaint.

5. The Defendants deny the allegations contained in Paragraph "5" of the Complaint.

6. The Defendants deny the allegations contained in Paragraph "6" of the Complaint.

7. The Defendants deny the allegations contained in Paragraph "7" of the Complaint.

### FLSA COLLECTIVE ACTION ALLEGTIONS

8. Paragraph "8" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9. The Defendants deny the allegations contained in Paragraph "9" of the Complaint.

10. Paragraph "10" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "10" of the Complaint.

### RULE 23 CLASS ALLEGATIONS- NEW YORK

11. Paragraph "11" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12. Paragraph "12" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13. The Defendants deny the allegations contained in Paragraph "13" of the Complaint.

14. The Defendants deny the allegations contained in Paragraph "14" of the Complaint.

15. The Defendants have no knowledge or information sufficient to form a belief as to the truth or accuracy concerning the allegations contained in Paragraph "15" of the Complaint, and therefore deny these allegations.

16. Paragraph "16" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "16" of the Complaint.

17. The Defendants deny the allegations contained in Paragraph "17" of the Complaint.

18. Paragraph "18" of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required the Defendants deny the allegations contained in Paragraph "18" of the Complaint.

## FACTS

19. The Defendants admit the allegations contained in Paragraph "19" of the Complaint.

20. The Defendants deny the allegations contained in Paragraph "20" of the Complaint.

21. The Defendants deny the allegations contained in Paragraph "21" of the Complaint.

22. The Defendants admit the allegations contained in Paragraph "22" of the Complaint.

23. The Defendants deny the allegations contained in Paragraph "23" of the Complaint.

24. The Defendants deny the allegations contained in Paragraph "24" of the Complaint.

25. The Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. The Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27. The Defendants deny the allegations contained in Paragraph "27" of the Complaint.

28. The Defendants deny the allegations contained in Paragraph "28" of the Complaint.

29. The Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30. The Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. The Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. The Defendants deny the allegations contained in Paragraph "32" of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs)**

33. The Defendants repeat and re-allege each and every answer to Paragraphs "l" through "32" as if fully set forth herein.

34. The Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. The Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36. The Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37. The Defendants deny the allegations contained in Paragraph "37" of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*;**
**N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.9)**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

38. The Defendants repeat and re-allege each and every answer to Paragraphs "l" through "37" as if fully set forth herein.

39. The Defendants deny the allegations contained in Paragraph "39" of the Complaint.

40. The Defendants deny the allegations contained in Paragraph "40" of the Complaint.

**THIRD CLAIM FOR RELIEF**

**(New York Spread of Hours Provisions, N.Y. Lab. L. §§ 650 *et seq*.;  
N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.6)  
(Brought by Plaintiff on Behalf of Herself and the Class)**

41. The Defendants repeat and re-allege each and every answer to Paragraphs "l" through "40" as if fully set forth herein.

42. The Defendants deny the allegations contained in Paragraph "42" of the Complaint.

43. The Defendants deny the allegations contained in Paragraph "43" of the Complaint.

44. The Defendants deny the allegations contained in Paragraph "44" of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)  
(Brought By Plaintiff on Behalf of Herself and the Class)**

45. The Defendants repeat and re-allege each and every answer to Paragraphs "l" through "44" as if fully set forth herein.

46. The Defendants deny the allegations contained in Paragraph "46" of the Complaint.

47. The Defendants deny the allegations contained in Paragraph "47" of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)  
(Brought By Plaintiff on Behalf of Herself and the Class)**

48. The Defendants repeat and re-allege each and every answer to Paragraphs "l" through "47" as if fully set forth herein.

49. The Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50. The Defendants deny the allegations contained in Paragraph "50" of the Complaint.

**PRAYER FOR RELIEF**

51. Defendants deny all statements and allegations contained therein, including any claim for relief set forth in Plaintiff's "WHEREFORE" clause in the Complaint.

## ADDITIONAL AVERMENTS

52. Defendants deny all claims and allegations in the Complaint not unequivocally admitted herein.

## AFFIRMATIVE DEFENSES

53. Without assuming a burden as to any of the following Affirmative Defenses where the law does not impose such a burden, Defendants assert the following Affirmative Defenses.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. Plaintiffs have received payment of all sums which may have been due under the Fair Labor Standard Act ("FLSA") and the New York Labor Law ("NYLL") and their respective regulations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. Plaintiffs are guilty of laches which bar certain of their claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Plaintiffs are guilty of unclean hands which bar certain of their claims.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

58. Without conceding the burden of proof on such issue, at all times, Defendants acted lawfully and in good faith and in a non-reckless manner and, although they deny the allegations of unlawful conduct as set forth in the Complaint, they had reasonable grounds for believing that the acts or omissions alleged in the Complaint were not violative of the FLSA and the NYLL and their respective regulations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

59. Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the United States and New York State Department of Labor.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

60. Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

61. The Plaintiffs' claims are barred to the extent that Plaintiff has failed to mitigate their damages or otherwise avoid harm.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

62. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and NYLL.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

63. Assuming, *arguendo,* that Plaintiffs are entitled to any compensation for overtime, any time spent in any preliminary or postliminary activities by Plaintiff must be excluded from compensable hours.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

64. The Complaint is barred, in whole or in part, pursuant, *inter alia,* to the Portal-to-Portal Act and the FLSA.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

65. Neither the Complaint nor any of its causes of action states a claim upon which an award of attorneys' fees may be assessed against Defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

66. Defendants reserve the right to present evidence, if such evidence exists, demonstrating that Plaintiffs engaged in misconduct of such severity that the Plaintiffs would have been terminated if Defendants had known of the misconduct at the time it took place, thereby barring any claim for damages and/or other relief on behalf of the Plaintiffs after that date.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

67. To the extent that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, Defendants assert that defense.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

68. Defendants are not an Employer covered by the FLSA and/or the NYLL.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

69. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

70. Plaintiffs cannot establish a willful violation under either the FLSA and/or NYLL.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

71. Plaintiffs have named us as improper Defendants as we are not an "Employer".

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

72. The Defendants are not a "covered enterprise" under the FLSA and as such the Plaintiffs have no claims under the FLSA.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

73. In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses as those defenses become known during this litigation.

**JURY DEMAND**

74. Defendants demand a trial by jury.

WHEREFORE, Defendants respectfully request a judgment,

1. Dismissing the Complaint in its entirety, with prejudice;

2. Denying each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

3. Awarding Defendants reasonable attorney fees and costs incurred in defending against this meritless action, and

4. For such other and further relief as to this Court deems just and proper.

Dated: Manhasset, New York
August 25, 2024

                                    LAW OFFICES OF MITCHELL S. SEGAL, P.C.
By: /s/ Mitchell S. Segal
Mitchell S. Segal, Esq.
*Attorney for Defendants*
1129 Northern Boulevard, Suite 404
Manhasset, New York 11021
Ph (516) 415-0100
Fx (516) 706-6631
msegal@segallegal.com

To: Daniel Maimon Kirschenbaum, Esq.
Joseph & Kirschenbaum LLP
*Attorney for Plaintiffs*
32 Broadway
Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fx: (212) 981-9587
maimon@jhllp.com