JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

December 13, 2024

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:    Veleva v. Sebastian's Pizzeria Inc., et al.
             No. 24 CV 4930 – Discovery Letter

Dear Judge Vyskocil:

      We represent the Plaintiff in the above captioned case, and pursuant to this Court's Individual Rule 3(D), we submit this letter to raise outstanding discovery disputes with the Court and to request an order compelling Defendants to produce the relevant and responsive tip and schedule documents that the Court has previously ordered them to produce and to appear at a Rule 30(b)(6) deposition. As explained herein, Plaintiff attempted to submit these discovery issues to the Court in a joint letter as required by your Honor's Individual Rules; however, Defendants have not responded to Plaintiff's requests to meet and confer regarding these issues.

### Background and Procedural History

      As the Court is aware, Plaintiff worked at Defendants' restaurant as a server. *See* First Amended Complaint ("FAC") ¶ 7 (Dkt. No. 26). Relevant here, Plaintiff alleges that Defendants unlawfully underpaid her by, among other things, misappropriating her tips in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). FAC ¶¶ 27, 36-40. Specifically, Plaintiff contends that Defendants unlawfully retained the tips customers paid on pick up orders that Plaintiff and other servers prepared. FAC ¶ 27.

      On September 5, 2024, Plaintiff served Initial Requests to Produce Documents ("RFP's). On October 31, Defendants served discovery responses and made an initial document production.[1] Defendants' initial document production consisted of only Plaintiff's wage statements and a

---

[1] Defendants' Responses to Plaintiff's Requests for the Production of Documents is attached as Exhibit A.

1

payroll report. Relevant here, Plaintiff moved to compel the production of responsive documents for RFP Nos. 9 (tip documents) and 10 (work schedules). *See* Discovery Letter (Dkt. No. 22). On November 21, the Court ordered Defendants to produce responsive documents to these requests by November 27, and if Defendants had no responsive documents in their possession, to submit a client affidavit explaining and attesting as much. *See* Dkt. No. 28 ("Order"). On November 21, Plaintiff served on Defendants a Rule 30(b)(6) notice of deposition for December 3, 2024.[2]

On November 27, Defendants produced some, but not all, tip related documents and submitted a client affidavit signed by Tony Lazzara.[3] The Lazzara Affidavit states that "Defendants have attached all documentation related to tips received by Valentina Veleva. There are no seamless records related to her tips as she was not a delivery person." Ex. C ¶ 2. In addition, the Lazzara Affidavit states that "Defendants have searched and there are no work schedules in their possession." Ex. C ¶ 3. However, as explained herein, Defendants' production and affidavit response are inadequate, because Defendants are in the possession of more responsive and relevant documents that have not been produced.

In addition, on November 27, Defense counsel notified Plaintiff that Defendants' 30(b)(6) witness was unavailable on December 3, the date Plaintiff noticed the deposition. On December 2, Plaintiff sent Defendants a deficiency email and requested to meet and confer regarding the production deficiencies and scheduling of Defendants' Rule 30(b)(6) deposition. Since then, Plaintiff has attempted numerous times to contact Defendants' counsel to meet and confer on these issues but has been unable to do so.

## **Tip Related Documents**

The Court ordered Defendants to produce all responsive documents to RFP No. 9, which seeks for Plaintiff "all documents reflecting the amount of tips received, the total tips in any tip[] pools and other tip documentation, including but not limited to, tip sheets." Ex. A, RFP No. 9; Order at 1. In response, Defendants produced various payroll documents. However, these payroll documents only show the tips Plaintiff received from the tip pool and the tips that Plaintiff contributed to the tip pool. Further, the Lazzara Affidavit states that "Defendants have attached all documentation related to tips received by Valentina Veleva. There are no seamless records related to her tips as she was not a delivery person." Ex. C ¶ 2.

Defendants' response is deficient for a variety of reasons. First, Defendants have not produced any tips sheets showing the actual breakdown of the tip pool that Plaintiff participated in, i.e., the amounts each participant contributed to the tip pool, the amounts each participant received from the tip pool, and the total amount of the tip pool. Further, Defendants have not produced *any receipts* showing the amount of tips that customers paid on their orders on shifts that Plaintiff worked. Such receipts are necessary to confirm whether all the tips paid by customers were actually included in Defendants' tip pool. These documents are centrally relevant to Plaintiff's claims and are responsive to RFP No. 9.

---

[2] Plaintiff's Rule 30(b)(6) Deposition Notice is attached as Exhibit B.
[3] Defendants' Client Affidavit is attached as Exhibit C.

2

Furthermore, Defendants have explicitly not produced any tip records related to any pickup or catering orders that were made over the phone or via a delivery app. The Lazzara Affidavit states that "there are no seamless records related to her tips as she was not a delivery person." Ex. C ¶ 2.[4] Defendants apparent position that "seamless" or other to go order records are not relevant to Plaintiff's claims because she was not a delivery person is baseless. Plaintiff contends that she and other servers did work on to go-orders and did not receive any tips that were made on these sales. FAC ¶ 27. That is sufficient to obtain discovery for these records. Moreover, Defendants processed to-go orders over the phone and via a variety of online delivery apps. Defendants' POS system retained tip information for to-go orders. Attached hereto as Exhibit D, are photographs of: Defendants' POS system showing to-go order tips and paper receipts showing to-go orders, including tips paid on those orders. *See* Ex. D. As such, these documents plainly exist, are centrally relevant to Plaintiff's claims, and are responsive to Plaintiff's request for all "tip documentation."

Defendants are in the possession of all of these requested tip documents identified herein that have not been produced. The tip sheets and receipts contain the underlying pay data that form the basis for the information in the payroll records that Defendants did produce – i.e., payroll records showing the amount of tips Plaintiff contributed and received from the tip pool. Thus, Defendants almost certainly have the underlying records. For the pick-up order sales/tips documents and receipts, Defendants have admitted that they have at least the "seamless" records (Ex. C ¶ 2), but they also likely have other records of pick-up orders and sales/tips that can be accessed via the POS system, as shown by Plaintiff's evidence. *See* Ex. D. Thus, Defendants' position that they have produced "all documents related to tips received by Valentina Veleva" is patently untrue, and the Court should order these documents produced immediately.

These documents are central to Plaintiff's claims. Without this requested data it would be very difficult to determine whether Defendants operated a lawful tip pool – that is, whether all the tips paid by customers on shifts Plaintiff worked were actually distributed in full to Plaintiff or other tip-eligible employees or whether, as Plaintiff alleges, Defendants retained some of these tips. For clarity and specificity, Plaintiff respectfully requests that the Court order Defendants to produce the following documents:

- All tip sheets reflecting the breakdown of the tip pool on every shift that Plaintiff worked and participated in the tip pool.

- All receipts for all sales and tips paid by customers on every shift Plaintiff worked and participated in the tip pool.

- All receipts for all sales and tips paid by customers for to go orders, including, but not limited to, all orders made on any delivery app.

## Work Schedules

---

[4] As evidenced by Mr. Lazzara's assertion related to "seamless records", Defendants were aware that Plaintiff was seeking sales/tip records for to-go orders, specifically pick up orders, which would include orders on delivery apps, because this specific issue was discussed among counsel prior to Defendants' production.

The Court ordered Defendants to produce all responsive documents to RFP No. 10, which seeks "all documents, including but not limited to weekly schedules, concerning when, for how much time, and where Defendants scheduled" Plaintiff. Ex. A, RFP No. 10, *see* also Ex. A, RFP No. 2 (seeking similar documents); Order at 1. Defendants did not produce any responsive documents, and Mr. Lazzara attests that "there are no work schedules in their possession." Ex. C ¶ 3. However, this is untrue. Defendants routinely texted Plaintiff and other servers' photographs of their work schedules each week. Attached hereto as Exhibit E is an example of such a text message. *See* Ex. E. As such, Defendants are almost certainly in the possession of digital copies of these photographs of Plaintiff's work schedule, either because the photographs are directly on their phones or are stored in a cloud-based archive, to which they have access. Both the photographs of the schedules as well as the text messages relating to scheduling are responsive to RFP No. 10 and have not been produced. Thus, Defendants have not complied with the Court's Order. Plaintiff respectfully requests that the Court order Defendants to produce all photographs and text messages in their possession related to Plaintiff's work schedule.

**Deposition Attendance**

As explained above, on November 21, Plaintiff served a Rule 30(b)(6) deposition notice for a deposition on December 3. *See* Ex. B. On November 27, Defense counsel notified Plaintiff that December 3 did not work for Defendants. Thereafter, Plaintiff has repeatedly sought Defendants' input on rescheduling this deposition, which Defendants have utterly refused to provide. As such, Plaintiff now seeks an order from the Court compelling Defendants to provide 5 dates on which their Rule 30(b)(6) witness is available in January to be deposed and Defendants' attendance at the deposition once scheduled with Plaintiff's counsel.

We thank the Court for its careful consideration of this matter.

Respectfully submitted,

JOSEPH & KIRSCHENBAUM, LLP

/s/ Michael DiGiulio
Michael DiGiulio
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004

*Attorneys for Plaintiff, the proposed Collective and Class*