

Via ECF Filing  
Honorable Mary Kay Vyskocil                                      December 18, 2024  
United States District Court  
Southern District Of New York  
500 Pearl Street, Room 2230  
New York, New York 10007  

        Re: <u>Veleva v. Sebastian's Pizzeria Inc et al</u>  
            <u>Case No.: 1:24-cv-04930-MKV</u>

Dear Judge May Kay Vyskocil:

    I represent the Defendants in the above-mentioned matter. I submit this letter in response to the Plaintiff's Motion to Compel the Production of Documents. Plaintiff is completely misrepresenting to the Court that I have not met and conferred about the issues stated in their letter to the Court as I have spoken to them on several occasions in this matter and I never agreed to the filing of any joint letter as the request by the Plaintiff's was not based on any factual content.

    Plaintiff's letter is completely erroneous as I have met and conferred with them several times. I have several cases with Plaintiff's counsel and we speak on a regular basis. The term egregious might apply. Plaintiff's letter states that they wish this Court to order the Defendants to produce: all tip sheets reflecting the breakdown of the tip pool on the shifts that Plaintiff worked, all receipts for all sales and tips paid by customers when the Plaintiff worked, and all receipts for sales and tips paid by customers for to go orders, including on any delivery app.

    The Defendants have provided the payroll records which detailed the amount the Plaintiff has received. The Plaintiff feels that she was entitled to every tip that others received. If she picked up the phone and there was a delivery order she wanted the tip? There was no company policy for such nor any industry standard for this. A delivery person receives the tip for a delivery not a waitress that is handling the tables nor one that picks up a phone call. Plaintiff's stance is completely ridiculous.

    The Plaintiff makes a statement that basically accuses the Defendants from withholding records with no proof of such.





Plaintiff's letter additionally seeks for the Court to demand the Defendants provide three dates in January that they are available for a deposition by the Plaintiff's Counsel. Subject to the holidays and vacation plans, we have no problems of doing such.

The Defendants have produced all records related to the Plaintiff's tips. The Plaintiff was not a delivery person nor wanted to be. In fact, she stated that she did not want to pick up telephone orders and only wanted to work on the floor. The Plaintiff had zero involvement in any telephone or delivery orders.

The Defendant searched for schedules in his office and had none. The fact that the Plaintiff provided a text for one week with no hours delineated does not equate to the Defendant withholding any information.

As such, the Plaintiff's discovery request should be denied. I thank your Honor for the time taken to review this letter.

Respectfully submitted,

/s/ Mitchell Segal

_____

Mitchell Segal