UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
VALENTINA VELEVA, on behalf of herself
and others similarly situated,,

                            Plaintiff,            Case No.: 1:24-cv-04930-MKV

    - against -

SEBASTIAN'S PIZZERIA INC. d/b/a
LAZZARA'S PIZZA, SEBASTIAN
LAZZARA, and TONY LAZZARA,

                           Defendants.
---------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION


Mitchell S. Segal, Esq.
Law Offices of Mitchell S. Segal, P.C.
1129 Northern Boulevard, Suite 404
Manhasset, New York 11030
Ph: (516) 415-0100
Fx: (516) 706-6631
*Attorney for Defendants*

1

## **TABLE OF AUTHORITIES FEDERAL CASES**

Anglada v. Linen 'N Things, Inc., 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105, (S.D.N.Y. April 26, 2007).................................................................................................. 10

Bah v. Shoe Mania, Inc., No. 08 Civ. 9380, 2009 U.S. Dist. LEXIS 40803 (S.D.N.Y. May 13, 2009) ...............................................................................................................14,15

Bernard v. Household International, Inc., 231 F. Supp. 2d 433 (E.D. Va. 2002).........................9

Boekemeier v. Fourth Universalist Soc'y in the City of New York, 86 F. Supp. 2d 280, 288 (S.D.N.Y. 2000)...............................................................................................................12

Bowrin v. Catholic Guardian Social, 417 F. Supp. 2d 449 (S.D.N.Y. 2006) ................................. 12

Brock v. Superior Care, Inc., 840 F.2d 1054 (2nd Cir. 1988)....................................................... 12

Castro v. Spice Place, Inc., No. 07 Civ. 4657, 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y. Jan. 29, 2009)................................................................................................................ 8, 11

Dreyer v. Altchem Enviromnental Services, Inc., 06-2393, 2007 U.S. Dist. LEXIS 71048 (D. N.J. Sept. 25, 2007)................................................................................................... 10

Fengler v. Crouse Health Foundation, Inc., 595 F. Supp. 2d 189 (N.D.N.Y. 2009)…............ 11

Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 2d 941 (W.D. Ark. 2003).......................................9

Hanley v. Hand n' Heart, L.L.C., No. 4: 06-CV-71, 2007 U.S. Dist. LEXIS 64661 (E.D. Va. Aug. 31, 2007) ................................................................................................................. 9

Levinson v. Primedia, Inc., No. 02 Civ. 2222, 2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. Nov. 6, 2003) ..................................................................................................................... 8

Morales v. Plantworks, Inc., 05 Civ. 2349, 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) ............................................................................................................ 10

Prizmic v. Armour, Inc., 05-CV-2503, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006) ............................................................................................................. 8,9

Seever v. Carrols Corp., 528 F. Supp. 2d 159 (W.D.N.Y. 2007) ....................................................... 10

**FEDERAL STATUTES**

29 U.S.C. §§ 201 .................................................................................................................. 4

29 U.S.C. § 216(b)............................................................................................................6, 8

Defendants, SEBASTIAN'S PIZZERIA INC., SEBASTIAN LAZZARA, and TONY LAZZARA, (individually a "Defendant" and collectively referred to herein as "Defendants"), through their undersigned attorney, respectfully submit this Memorandum of Law in Opposition to "Plaintiff's Motion For Conditional Certification and Notice to the Class ("Plaintiff's Conditional Certification Motion").

**PRELIMINARY STATEMENT**

Plaintiffs' Conditional Certification Motion under the Fair Labor Standards Act ("FLSA"), Section 216(b), is legally deficient and, even under the most lenient factual showing standard does not sufficiently support the allegations contained in Plaintiff's complaint and/or their motion papers and affidavit. The collective action complaint (the "Complaint") asserts claims against Defendants for alleged illegal deductions from gratuities, unpaid minimum wage, unpaid overtime, unpaid spread of hours wages, statutory penalties, liquidated damages and attorney fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq*. ("FLSA") and/or the New York Labor Law ("NYLL"). Plaintiff purports to bring the aforementioned causes of action on behalf of herself and other similarly situated individuals.

Plaintiff's Conditional Certification Motion seeks approval from the Court to authorize notice and the opportunity to opt-in to this case under the FLSA to a collective action class consisting of "all non-exempt service employees who participated in the tip pool employed at Lazzara's Pizza on or after June 28, 2021…" ("Covered Employees").

Yet, in support of the Plaintiff's Conditional Certification Motion seeking Court approval to invite a multitude of additional Plaintiffs, all Plaintiff provides is a large boilerplate

Declaration detailing her alleged position without any DESCRIPTIVE statements about employees that allegedly made up the collective. In her Declaration In Support of Plaintiff's Motion To Conditionally Certify a Collective Action, Valentina Veleva mentions that other current employees of Lazzar's Pizza told her that they were incorrectly paid by the Defendants. The Plaintiff only mentions other employees who are not involved in the action. She provides no descriptive details as to any conversations she had with any of these employees, when the conversations took place where they took place and detailed information about the conversations. There is never a mention of a date, time or what the conversation entailed, and what was discussed. The Plaintiff's Declaration is completely devoid of facts as to any of their complaints. In fact, the Plaintiff's Declaration is completely devoid of personal knowledge of the other potential collective Plaintiffs. Plaintiff simply claims that other current employees have told her that they did not receive wage notices from the Defendants and were not paid overtime. If one searched the prior collective action motions from the Plaintiff's counsel, they are pretty much rote.

Plaintiff's Conditional Certification Motion should be denied because the Plaintiff has failed to satisfy the collective action for other classification of employees at Lazzara's Pizza and for all of the current and former non-exempt employees.

Plaintiff's Conditional Certification Motion should be denied because the Plaintiff has failed to demonstrate that the proposed collective action group was subject to any common policy or plan that violated the FLSA. Even assuming *arguendo* the proposed collective action group

5

was subject to an underpaid overtime wage policy or plan, which they were not, or subject to any consistent tip violations, the Plaintiff has not alleged sufficient facts to support certification of the requested group, essentially composed of all current and former servers from June 28, 2022, although the Plaintiff is looking for a three year window from June 28, 2021, of Lazzara's Pizza by one server who seems to be a serial litigator that only worked at the restaurant for four months. Moreover, to the extent the Court permits notice to be sent to potential server members of the collective action, Plaintiff's proposed notice is overbroad, defective in several respects and should not be approved without substantial modification.

### A.     **Plaintiffs' Allegations**.

Plaintiff alleges that she was not paid in accordance with the FLSA and New York Labor Law. Plaintiff's claim that she was not paid the proper overtime, spread of hours, tips apportionment, nor received the proper notices. The Plaintiff has failed to meet even the low threshold required to conditionally certify a collective action under Section 29 U.S.C. § 216(b) for any of the asserted FLSA claims. Although Plaintiff submitted a Declaration on her behalf, she has presented no concrete facts concerning alleged company-wide unlawful employment practices or other allegedly affected similarly situated individuals. Nowhere in either the Collective Motion or in the supporting declaration does Plaintiff give any factual information other than the first names of the proposed plaintiffs, and a reiteration of the alleged labor claims. Plaintiff fails to provide any further narrative beyond the fact that current employees of the Defendants have told her they believed they were underpaid without explaining what exactly they were paid, when and where the conversations took place and what the

6

details of the conversation were.

Most critically, the Defendants refute the Plaintiff's wage claims and allegations of company-wide unlawful policies and practices. The Defendants in their Answer deny that they have ever subjected any employee to any of the wage-hour violations alleged by Plaintiff, that they properly compensated their employees for all hours of worked and believe that the records provided show that the Plaintiff was properly paid and never wrongfully misappropriated tips.

The Plaintiff has failed to meet her burden of establishing that there are "similarly situated" potential plaintiffs to the overly broad company-wide collective action class whom she seeks to solicit to join this case. There is an insufficient factual nexus between the named Plaintiff's alleged terms and conditions of employment and those of all current and former hourly employees from Lazzara's Pizza.

## ARGUMENT POINT I

### PLAINTIFF IS NOT SIMILARLY SITUATED TO THE PROPOSED COLLECTIVE CLASS BECAUSE SHE FAILS TO PRESENT A MODEST FACTUAL SHOWING OF A COMMON POLICY OR PLAN THAT VIOLATED THE LAW.

Plaintiff broadly alleges that Defendants have engaged in a policy and practice of failing to pay their employees overtime wages, and misappropriating tips. Plaintiff, however, fails to bring forth any specific factual allegations to support this statement. Rather, Plaintiff's allegations contained in the Complaint and her Declaration fall short of plausibly suggesting that the proposed company-wide group of collective action class members were subject to a common policy or plan that violated the law.

Plaintiff's failure to present specific factual allegations to support their Motion is critical since Plaintiff bears the burden (albeit nominal) of establishing that she is "similarly situated" to those whom she seeks to represent collectively in this matter. See 29 U.S.C. § 216(b); *Castro v. Spice Place, Inc.,* No. 07 Civ. 4657, 2009 U.S. Dist. LEXIS 7678, at *4-5 (S.D.N.Y. Jan. 29, 2009) (denying certification). "The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Prizmic v. Armour, Inc.*, 05-CV-2503, 2006 U.S. Dist. LEXIS 42627, at *4 (E.D.N.Y. June 12, 2006) (denying conditional collective action certification) (internal quotations omitted). "While the factual showing that they must make at this stage is modest, it must be sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Levinson v. Primedia, Inc.,* No. 02 Civ. 2222, 2003 U.S. Dist. LEXIS 20010, at *4 (S.D.N.Y. Nov. 6, 2003) (denying conditional collective action

certification) (internal quotations omitted).

Courts consistently have held it is the plaintiff's burden to demonstrate that other individuals are "similarly situated" to them by presenting "some factual showing" beyond mere allegation of a potential class. See *Prizmic,* 2006 U.S. Dist. LEXIS 42627, at *6 (holding "[a] plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations"); *Hanley v. Hand n' Heart, L.L.C.,* No. 4: 06-CV-71, 2007 U.S. Dist. LEXIS 64661, at *10 (E.D. Va. Aug. 31, 2007).

Unsupported assertions of widespread violations are not sufficient to meet this burden. *See Bernard v. Household Int'l, Inc.,* 231 F. Supp. 2d 433, 435 (E.D. Va. 2002) (finding "[b]efore this court can order issuance of a notice . . . plaintiffs must demonstrate that there are others similarly situated. Mere allegations will not suffice"); *Freeman v. Wal-Mart Stores, Inc.,* 256 F. Supp. 2d. 941, 945 (W.D. Ark. 2003).

Plaintiff's submission fails to provide even a "modest factual showing" to support a company-wide conditional certification.

### A. Plaintiff's Proposed Company-Wide Collective Action Group Is Unsupportable.

Plaintiff has not presented any evidence demonstrating Defendants had a common plan or practice relating to the at-issue alleged FLSA violations. Rather, the Plaintiff only brings forth vague and unsupported factual allegations concerning her experience at Lazzara's Pizza through boiler plate statements with no real content in any Affidavit or Declaration.

Moreover, Plaintiff seeks to conditionally certify this overly broad collective action group without even a single specific averment of personal knowledge regarding the wage practices for any other employee at Lazzara's Pizza. This is wholly insufficient as a matter of law and should not be permitted. See *Anglada v. Linen 'N Things, Inc.,* 06 Civ. 12901, 2007 U.S. Dist. LEXIS 39105, at *18-19 (S.D.N.Y. April 26, 2007) (recommending denial of plaintiffs' motion for collective action certification of a nationwide class where plaintiff "offer[ed] no supporting declarations or affidavits from other similarly situated employees who are located at any other LNT store, and avers no personal knowledge of the policies or practices of any LNT store other than the two stores in which he worked"); *Morales v. Plantworks, Inc.,* 05 Civ. 2349, 2006 U.S. Dist. LEXIS 4267, at *5-6 (S.D.N.Y. Feb. 2, 2006) (denying collective action certification because plaintiffs' evidence "contain no reference to any Plantworks employee other than plaintiffs, and they make no allegations of a common policy or plan to deny plaintiffs overtime").

Plaintiff seeks to support company-wide collective action certification based on general and non-descriptive assertions in the Complaint and her Declaration in support of the Motion for Conditional Certification.

The Complaint and Declaration are incomprehensibly vague as to the material circumstances surrounding Plaintiff's allegations. See *Seever v. Carrols Corp.,* 528 F. Supp. 2d 159, 174 (W.D.N.Y. 2007); see also *Dreyer v. Altchem Environmental Services, Inc.,* 06-2393, 2007 U.S. Dist. LEXIS 71048, at * IO (D. N.J. Sept. 25, 2007) (denying plaintiffs' motion for reconsideration of its motion for conditional certification because the affidavits

10

where so "bereft of detail that they lead the Court to question whether their facts are indeed within their personal knowledge of the affiants").

Nevertheless, without a single specific factual averment, Plaintiff seeks company- wide certification. Specifically, based entirely on vague and conclusory allegations. Plaintiff seeks to certify an action where she has no personal knowledge of any of the conclusory statements the potential collective members mentioned to her.

**B.    Plaintiff's Proposed Collective Action Group Who Are/Were Employees Is Not Supported By Any Factual Allegations, Much Less Any Modest Factual Showing.**

Plaintiff's Memorandum of Law in Support of her Motion for Conditional Certification seeks conditional collective action certification of a group consisting of "all non-exempt servers who participated in the tip pool employed at Lazzara's Pizza on or after June 28, 2021." (Covered Employees).

This proposed overly broad company-wide group is not "similarly situated" to Plaintiff for purposes of FLSA conditional certification. *Castro v. Spice Place, Inc.,* No. 07 Civ. 4657, 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y. Jan. 29, 2009). As the Court held in Castro, at the conditional certification stage the Plaintiffs must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. Id. at *5. The Court must determine whether there is a factual nexus between the named Plaintiffs' terms and conditions of employment and those of other current and former employees alleged to be similarly situated. Id. Here, as in Castro, Plaintiff has failed to make such a showing. *See also Fengler v. Crouse Health Foundation, Inc.,* 595 F. Supp. 2d 189 (N.D.N.Y.

11

2009) (refusing to conditionally certify a class of all hourly workers).

<u>Plaintiff's Complaint and Declaration contain no concrete facts related to a potential class as to hours worked, days worked, or position.  Baseless documents that do not carry any substance should be ignored.</u>

### C.  **If The Court Grants Plaintiffs' Motion For Conditional Certification, Notice Should Be Limited To Two Years.**

There is no evidence that Defendants willfully violated the FLSA.  "Willfulness cannot be found on the basis of mere negligence or 'on a completely good faith but incorrect assumption that a pay plan complied with the FLSA in all respects.'" *Bowrin v. Catholic Guardian Soc.,* 417 F. Supp. 2d 449, 475 (S.D.N.Y. 2006) (quoting *Boekemeier v. Fourth Universalist Soc'y in the City of New York,* 86 F. Supp. 2d 280, 288 (S.D.N.Y. 2000). Under this standard, Plaintiff has not alleged facts sufficient to demonstrate that Defendants knew of the alleged FLSA violations, or that they acted with reckless disregard of violating the FLSA, particularly in light of the clear policies and various avenues for raising complaints or concerns regarding improper practices.  The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1062 (2nd Cir. 1988).

Accordingly, if this Court decides to conditionally certify a class, notice should properly be limited to only two years.

## POINT II

## IF THE COURT APPROVES A CONDITIONAL COLLECTIVE ACTION CLASS PLAINTIFF'S PROPOSED NOTICE MUST BE MODIFIED.

If the Court permits notice to be sent to potential members of the collective action, the proposed notice submitted by Plaintiff is defective in several respects and should not be approved. Plaintiff's proposed notice should be stricken because: (1) subject to the Court's modification, the group identified for receipt of the proposed notice is too broad; to be limited to waiters/waitresses during the period the Plaintiff was employed, and (2) the 60 day time period should be reduced to 30 days and (3) not enough information about the Defendants position is provided.

### A.  The Group Identified To Receive The Notice Is Inconsistent And Unclear.

As set forth in detail herein, Plaintiff is not similarly situated to individuals in the proposed collective action group. Any notice must clearly define the conditionally certified collective action class, consistent with the Court's ruling on the instant motion which should be limited. Nothing is mentioned in Plaintiff's Declaration that carries any weight.

### B. Minimal Information In The Notice Regarding Defendants' Position Is Unfairly Prejudicial.

While Plaintiff's proposed notice includes a brief statement that Defendants deny Plaintiff's allegations of violations, fairness dictates that Defendants be permitted to further articulate their position in the litigation, including any particular defenses they believe are applicable. It is critical that the notice contain a full and balanced disclosure of both parties' position in the matter because this may be the first communication potential opt-in plaintiffs receive about this lawsuit.

## C.  The Notice Is Not Facially Neutral And Misleads Potential Opt-Ins With Respect To Their Obligations.

The notice must avoid any appearance that the action is sanctioned by the Court.

A statement in the notice should be included that provides as follows:

> Although the Court has authorized Plaintiff's counsel to send this notice, the Court expresses no opinion regarding the merits of the claims in this case, if any. Plaintiff's claims and the claims of any person who joins the lawsuit may be subject to later dismissal if the Court finds that the claims lack merit or that this lawsuit cannot be litigated on a collective basis.

Also, any reference to a "class" is unduly misleading to a layperson. *Bah v. Shoe Mania, Inc.,* No. 08 Civ. 9380, 2009 U.S. Dist. LEXIS 40803, at *12 (S.D.N.Y. May 13, 2009). Moreover, any references to "time shaving" are too prejudicial and could give laypersons the impression that Plaintiff's allegations are founded, and/or undisputed or Defendants engaged in illegal actions.

Also, the notice of the collective action should include a statement that the opt-in plaintiffs may be required to participate in written discovery and that they may be required to appear for deposition and/or trial in the Southern District of New York. See *Bah, 2009* U.S. Dist. LEXIS 40803, at * 11.

Finally, the notice must also include the contact information for Defendants' counsel as one source from whom potential plaintiffs could obtain information.  See *Bah,* 2009 U.S. Dist. LEXIS 40803, at *12.

## **CONCLUSION**

As set forth above, Plaintiff's motion is unsubstantiated by facts. Defendants respectfully request that the Court enter an Order denying Plaintiff's motion for conditional collective action certification and awarding Defendants the costs they have incurred in opposing the instant motion, and avoiding such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: Manhasset, New York
      December 26, 2024

/s/ Mitchell Segal

_____

Mitchell Segal, Esq.
Law Offices of Mitchell S. Segal, P.C.
1129 Northern Boulevard, Ste. 404
Manhasset, New York 11030
Ph:(516) 415-0100
Fx: (516) 706-6631
msegal@segallegal.com
Attorney for Defendants