UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
VALENTINA VELEVA, on behalf of
herself and others similarly situated,

                                              Plaintiff,          CASE NO. 24-cv-04930 (MKV)

                                  v.

SEBASTION'S PIZZERIA d/b/a
LAZZARA'S PIZZA, SEBASTION
LAZZARA, and TONY LAZZARA

                                        Defendants.
------------------------------------------------------X

## DECLARATION OF TONY LAZZARRA

I, TONY LAZZARA, under penalty of perjury, affirm as follows:

1. I am a Named Defendant in this action. I am familiar with the facts and circumstances set forth herein.

2. I submit this declaration in opposition to Plaintiffs motion for collective class certification pursuant to Federal Rule of Civil Procedure 216.

3. The declaration of Valentina Veleva states nothing that supports a certification of a collective class.

4. Valentina Veleva was a server at Lazzara's for a de-minimis period of time, from January 2024 to June 2024.

5. She did not conduct deliveries and took a minimal amount of phone orders. When she did answer the phone, she didn't really know how to take the order so I told to put the caller on hold.

6. If fact, she told Farida, the other waitress, that I don't need to do anything more than my job, which is serving customers at tables.

7. Over eighty percent (80%) of her time involved taking food and drink orders from tables.

8. The Declaration of Valentina Veleva is filled with falsehoods.

9. All servers, including Ms. Veleva, were paid properly.

10. Although Plaintiff states that she has conversations with workers such as Mateo, Elias, Eddy, Myles, Daniel, Marek, Farida, Nancy, Anais, Cheyenne, Jeanette, Blake, Toco and Denis, she did not. She is just mentioning employees' names from the restaurant, upon information and belief, as advised by counsel. See Veleva Decl ¶ 6 and ¶ 11.

11. She mentions nobody's last name and does not provide any times, dates, nor locations where these conversations take place. Additionally, there is really no description as to what was discussed in detail.

12. The Plaintiff basically executed a boilerplate Declaration.

13. In the Veleva Decl ¶ 10, Plaintiff states "that she never witnessed Defendants provide written wage statement notices to other servers at Lazzara's Pizza". Why should she? She was not part of the administration of the restaurant and was not a part of ownerships conversations with our other employees.

14. ¶ 12 and ¶ 13 of the Veleva Declaration are just complete lies. No server at anytime did more than 20% of their employment on side jobs.

15. In ¶ 13 of the Veleva Declaration, Plaintiff states **under the penalty of perjury**, the "Defendants required all the servers to do significant side work, including but not limited to the following tasks: washing dishes, silverware and glassware.

16. Drying and polishing dishes and silverware …… wrapping silverware is a part of a servers job. That is not side work. A server is responsible for placing clean silverware on the tables. Not side work at all.

17. The remaining claims in ¶ 13 of the Veleva Declaration are nonsense.

18. No server employee spent more than 10 - 20 minutes per shift on any side work. Additionally, the Plaintiff made it clear that she was only there to be a server.

19. Nobody worked overtime (or a de-minimis amount, if any) when taking into account an employees breaks.

20. Defendants never required any employee clock out before their shift ended. See ¶¶ 16, ¶17 and ¶18 of the Veleva Declaration.

21. Delivery personnel received the tips on deliveries.

22. Servers received tips from servicing the tables which tips were pooled.

23. Ownership never kept any tips provided to delivery employees or a servers' tips.

24. Any statement to the contrary contained in the Veleva Declaration is false.

25. The Veleva Declaration represents a ridiculous claim for a collective action. Just another Plaintiff attorney taking advantage of a statute that is being abused.

26. That being said, I do not believe that Valentina Veleva, as lead Plaintiff, has satisfied a class collective action upon reading her Affidavit which had no detailed conversations with any potential collective action opt ins.

27. She has no idea as to the pay practices at the business, only pay practices as they relate to her, which are false allegations.

28. Ms. Veleva was paid properly.

29. The one Affidavit filed by Valentina Veleva has no validity to support a claim for a collective action. This is a complete reach.

30. Ms. Veleva is far from a class representative who was only a server who worked for my business for four months.

31. Her Declaration is completely untrue and as such a collective class should not be certified in the instant matter.

32. I respectfully request the Court to deny collective action certification.

Dated: New York, New York
December 25, 2024

_Tony Lazzara_