USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VALENTINA VELEVA *on behalf of herself and others similarly situated*,

Plaintiff,

-against-

SEBASTIAN'S PIZZERIA INC. *doing business as* Lazzara's Pizza, SEBASTIAN LAZZARA, and TONY LAZZARA,

Defendants.

---

1:24-cv-04930 (MKV)

**ORDER GRANTING MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION OF NOTICE**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Valentina Veleva brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") against Defendant Sebastian's Pizzeria Inc., Defendant Sebastian Lazzara, and Defendant Tony Lazzara (collectively, "Defendants"). First Amended Complaint ("FAC"), [ECF No. 26] . Plaintiff seeks conditional collective certification for claims under the FLSA on behalf of herself and all non-exempt service employees who participated in the tip pool (*i.e.* servers) employed at Lazzara's Pizza on or after June 28, 2021 who have not previously released all of their FLSA claims within the statute of limitations period. *See* Plaintiff Memorandum of Law in Support [ECF No. 34] ("Pl. Mem.") at 1. Defendants oppose this motion. [ECF No. 40] ("Defs. Opp."). Plaintiff replied. [ECF No. 44] ("Pl. Reply"). For the reasons discussed below, Plaintiff's Motion is GRANTED.

## BACKGROUND

Defendant Sebastian's Pizzeria Inc. is a New York for-profit Corporation that owns and operates Lazzara's Pizzeria in midtown Manhattan. FAC ¶ 3. Defendants Sebastian and Tony Lazzara jointly own and operate Lazzara's Pizzeria. FAC ¶ 6. Defendants Sebastian and Tony

Lazzara allegedly both are regularly present at the restaurant, set employees' schedules and handle payroll issues, and hire and fire employes.  FAC ¶ 6.  Plaintiff formerly was employed by Defendants to work as a server from January 2024 to June 2024.  FAC ¶¶ 7, 22.  Plaintiff alleges that she and all other servers "are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocol, routines, and rules of willfully retaining their tips and failing to pay them the proper overtime rate."  FAC ¶ 9.

Plaintiff alleges that at all relevant times, she and potential opt-in plaintiffs were improperly paid pursuant to New York's tip credit minimum wage.  FAC ¶ 23.  Plaintiff alleges that Defendants were not entitled to pay Plaintiff and potential opt-in plaintiffs less than the full minimum wage because Defendants allegedly did not provide them proper written notice of the minimum wage.  FAC ¶¶ 24–25.  Additionally, Plaintiff alleges that Defendants were also not entitled to pay Plaintiff pursuant to New York's tip credit minimum wage because Plaintiff was required to spend two house per day or 20% of her shift doing side tasks such as washing dishes and packing pizzas for delivery.  FAC ¶ 26.  Plaintiff alleges that Defendants did not properly distribute the tips provided by customers on pick-up and take-out orders to the service employees who prepared these ordered.  FAC ¶¶ 27, 29.  Plaintiff claims that Defendants did not pay Plaintiff New York's "spread of hours" premium when her workday lasted longer than 10 hours.  FAC ¶ 28.  Finally, Plaintiff alleges that Defendants did not pay Plaintiff and potential opt-in plaintiffs for all the hours that they worked, including overtime and premium pay.  FAC ¶¶ 30–35.

## LEGAL STANDARD

The Second Circuit has employed a two-step process to certify collective actions under the FLSA.  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).  At the first step, the Court must make a determination about whether notice to potential opt-in plaintiffs should be sent.  *Id.*  At the

second stage, the district court will, "on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id*.  Therefore, "[t]he action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice."  *Id.*; *see also Tay v. New York & Presbyterian Hosp.*, No. 22-cv-8379, 2024 WL 4286226, at *3 (S.D.N.Y. Sept. 24, 2024).  However, "the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist."  *Myers*, 624 F.3d at 555.

During the first step for conditional certification, Plaintiff must make a "modest factual showing" that she and other potential opt-in plaintiffs are similarly situated.  *Id.*; *see also Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 111 (S.D.N.Y. 2015).  Plaintiff must show that she and any potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law."  *Myers*, 624 F.3d at 555; *Bittencourt*, 310 F.R.D. at 111.  Additionally, Plaintiff must demonstrate that she and potential opt-in plaintiffs are similarly situated "not only with respect to the employer's conduct toward them, but also in their job responsibilities."  *Cunningham v. Electronic Data Systems Corp.*, 754 F. Supp. 2d 638, 648 (S.D.N.Y. 2010) (applying *Myers*).  Thus, Plaintiff needs to have "some showing that there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions."  *Myers*, 624 F.3d at 555 (internal citations and quotations omitted); *see also Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158 (S.D.N.Y. 2014).

"The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist."  *Myers*, 624 F.3d at 555.  The court must be able to identify some "factual nexus which binds [Plaintiff] and potential class members together."  *Julian v. MetLife, Inc.*, 298 F. Supp. 3d 699, 702 (S.D.N.Y. 2018) (internal

quotation marks omitted). When evaluating Plaintiff's pleadings during this preliminary stage "the court does not resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Jackson*, 298 F.R.D. at 158; *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (A court "should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (Sotomayor, D.J.) ("the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of similarly situated plaintiffs can exist here.").

While conditional certification is not automatic and a plaintiff's showing in support of certification cannot be entirely conclusory, *see, e.g.*, *Morales v. Plantworks, Inc.*, No. 05-cv-2349, 2006 WL 278154, at *2–3 (S.D.N.Y. 2006), courts have recognized that the standard at this initial stage is " 'fairly lenient,' [and thus] courts applying it 'typically grant[ ] conditional certification.' " *Amador v. Morgan Stanley & Co.*, No. 11-cv-4326, 2013 WL 494020, at *3 (S.D.N.Y. 2013) (quoting *Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09-cv-332, 2009 WL 1585979, at *2 (S.D.N.Y. 2009)); *see also Tay*, 2024 WL 4286226, at *3.

## DISCUSSION

I. **PLAINTIFF HAS SATISFIED THE MODEST FACTUAL SHOWING REQUIRED FOR CONDITIONAL CERTIFICATION**

  A. **Plaintiff Satisfies the Modest Factual Showing That She is Similarly Situated to Potential Opt-in Plaintiffs for Purposes of Conditional Certification**

"Neither the FLSA nor its implementing regulations define 'similarly situated.' " *Perez Perez v. Escobar Constr., Inc.*, 540 F.Supp.3d 395, 403 (S.D.N.Y. 2021) (citing *Hoffmann*, 982 F. Supp. at 261). Courts in this Circuit have held that a named plaintiff can satisfy her burden by making a modest factual showing demonstrating that she and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. *Myers*, 624 F.3d at 554–55. The

4

relevant question "is not whether [the] [p]laintiffs and [potential opt-in members are] identical in all respects, but rather whether they were subjected to a common policy." *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 323 (S.D.N.Y. 2011) (internal quotation marks and citation omitted), *rev'd on other grounds*, 533 F. App'x 11 (2d Cir. 2013); *see also Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013); *Hoffmann*, 982 F. Supp. at 261. "[A]ny factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification" because the Court may later, after having the benefit of full discovery, "decertify the class or divide it into subclasses, if appropriate." *Lynch*, 491 F. Supp. 2d at 369.

Here, taking the allegations as true, Plaintiff satisfies the modest factual showing that she and the potential opt-in plaintiffs are similarly situated. In the First Amended Complaint, Plaintiff alleges that she and all other servers at this one restaurant "are and have been similarly situated, have had substantially similar job requirements and pay provisions." FAC ¶ 9. Plaintiff's allegations are further corroborated by her declaration submitted in connection with this motion that all the servers at Lazzara's Pizza had similar duties including "taking food and drink orders from tables and over the phone, bringing food and drink to table, bussing tables, washing dishes, packaging to-go orders, and cleaning up the restaurant. FAC ¶ 4. Given the modest factual showing required at this stage, the Court finds Plaintiff's allegations sufficient for now, subject of course to decertification or division into subclasses based on discovery.

Plaintiff also alleges that she and all other front of the house employees " have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocol, routines, and rules of willfully retaining their tips and failing to pay them the proper overtime rate." FAC ¶ 9. Although these allegations are somewhat conclusory, Plaintiff's allegations are further corroborated by her declaration submitted in connection with this motion, which includes specific factual allegations that support Plaintiff's understanding that she and

5

Defendants' other servers were subject to the same wage practices and policies. *See e.g.*, Veleva Decl. ¶¶ 6, 11, 12, 15, 18, 20; *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12-cv-0265, 2012 WL 1981507, at *1 (S.D.N.Y. 2012) (conditional collective certification granted based on a single employee's affidavit alleging that she and other employees who performed work "similar" to hers were paid less than the statutory minimum and not compensated for overtime); *Jeong Woo Kim*, 985 F. Supp. 2d at 449; *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (conditional certification granted despite lack of any corroborating evidence other than employee's own affidavit). Specifically, Plaintiff identifies fourteen employees by first name whom with she allegedly spoke regarding Defendants' wage practices and who told her that they too allegedly were: (1) paid below the full minimum wage; (2) not provided written wage notices, (3) not paid for overtime they worked; and (4) not paid all the tips. Veleva Decl. ¶¶ 6, 11, 15, 18.

Given the modest factual showing required at this stage, the Court finds Plaintiff's allegations sufficient for now, subject of course to decertification or division into subclasses based on discovery.

## II.  SCOPE AND FORM OF COURT AUTHORIZED NOTICE

Once a court determines that a plaintiff has demonstrated that she is similarly situated to other employees of the defendant with respect to the defendant's alleged unlawful wage policy, and has thus satisfied her burden for initial certification of a collective action, the court may proceed to authorize issuance of a notice informing potential additional plaintiffs of their opportunity to opt into the lawsuit. *Lynch*, 491 F. Supp. 2d at 367. "Although Section 216(b) does not explicitly address court-authorized notice, 'it is well settled that district courts have the power to authorize an FLSA plaintiff to send such notice to other potential plaintiffs.' " *Grant v. Warner Music Grp. Corp.*, No. 13-cv-4449, 2014 WL 1918602, at *2 (S.D.N.Y. 2014) (quoting *Gjurovich*

*v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) (internal quotation marks and additional citations omitted).

### A. Appropriate Group to Receive Notice

First, Defendants argue that the group identified for receipt of the proposed notice is too broad and that the recipients should be limited to waiters/waitresses during the period Plaintiff was employed. Defs. Opp. at 13. Plaintiff argues that Defendants' position is "simply not responsive to Plaintiff's proposed collective action in this case" because the collective is already limited to servers. Pl. Reply at 3. Specifically, Plaintiff points out that the proposed collective is defined as "all non-exempt service employees who participated in the tip pool (*i.e.* servers) employed at Lazzara's Pizza on or after June 28, 2021." Pl. Reply at 3. The Court disagrees with Defendants that this group is too broad. Revising the description of "servers" to instead use "waiters/waitresses" is unnecessary since the positions are essentially synonyms. *See Gillian v. Starjem Rest. Corp.*, No. 10-CV-6056, 2011 WL 4639842, at *1 (S.D.N.Y. Oct. 4, 2011) (listing employees "who worked in any tipped position, including ***waiters/servers***") (emphasis added).

Furthermore, Defendants argue that notice should be limited to two years because there is "no evidence that Defendants willfully violated the FLSA." Defs. Opp. at 12. Plaintiff proposed that the collective should consist of, and notice should be sent to servers "employed at Lazzara's Pizza on or after June 28, 2021, which is three years before Plaintiff filed the initial complaint in this action" since Plaintiff alleges in the FAC that Defendants' FLSA violations were willful. Pl. Reply at 3–4; FAC ¶¶ 9, 20; Veleva Decl. ¶ 22.

Because Plaintiff's federal FLSA claims have a three-year limitations period, if proven to be willfully committed by Defendants, an opt-in notice period of three years prior to the filing of the original Complaint is appropriate in this case. *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Where willfulness is disputed, the court applies the three-year statute

7

of limitations for purposes of certifying a representative action."); FAC ¶¶ 9, 20; Veleva Decl. ¶ 22. Therefore, the Court grants Plaintiff's conditional collective certification for claims under the FLSA on behalf of herself and all servers employed at Lazzara's Pizza on or after June 28, 2021.

### B. Defendants' Requests to Modify The Proposed Notice Are Unnecessary

Defendants purport to raise issues with various portions of Plaintiff's proposed notice including that the notice: (1) has minimal information about Defendants' position; (2) should include a statement that indicates the action is not sanctioned by the Court; (3) should not include any reference to a "class" or to "time shaving"; (4) should include a statement that the opt-in plaintiffs may be required to participate in written discovery and appear for deposition and/or trial; and (5) should include contact information for Defendants' counsel. Defs. Opp. 13–14.

Defendants' argument that the proposed notice does not include enough information about Defendants' position and should include information on Defendants' defenses fails. The proposed notice provides a very brief description of Plaintiff's claims immediately followed by a clear statement that Defendants deny all of Plaintiff's claims. *See* ECF No. 35–1 ¶ 1. No modification to the proposed notice needs to be made because it is proportional, and inclusion of more is unnecessary. *See e.g. Vilella v. Pup Culture LLC*, No. 23-CV-2291 (LJL), 2023 WL 7986562, at *9 (S.D.N.Y. Nov. 17, 2023) (holding that "[i]t is necessary that the notice inform putative members of the collective of the allegations in the lawsuit; it is not necessary that the notice inform such persons of all of Defendants' defenses.").

The majority of the additional modifications sought by Defendants are unnecessary because the notice does not include the information counsel seeks to strike or because the notice already includes the information counsel seeks to add. For example, the proposed notice does not include any references to a class or to time shaving so Defendants' argument that the notice should

8

not include those phrases is pointless. *See* ECF No. 35–1. Similarly, Defendants seek to include statements that indicate (1) that the action is not sanctioned by the Court and (2) that the opt-in plaintiffs may be required to participate in written discovery and appear for deposition and/or trial. Again, statements similar to what Defendants propose are already included in the proposed notice, so Defendants argument for their inclusion is unnecessary. *See* ECF No. 35–1 ¶¶ 1, 2, 5.

Finally, Defendants argue that the proposed notice should include the contact information for Defendants' attorney. Defs. Opp. at 14. Plaintiff asserts that there is no reason for the notice to include Defendants' counsel's information. Pl. Reply at 7. The Court agrees with Plaintiff that this information does not need to be included in the notice. *See Hong v. Haiku @ WP Inc.*, No. 19-CV-5018, 2022 WL 263575, at *11 (S.D.N.Y. Jan. 28, 2022) (finding inclusion of such information risks inadvertent disclosure of material information between opt-in plaintiffs and defense counsel); *see also Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18-CV-5422, 2022 WL 1210868, at *5 (S.D.N.Y. Apr. 25, 2022) (concluding the defendants' attorney information should not be included in the proposed notice).

### C. Appropriate Opt-In Period

Plaintiff's proposed notice provides for a 60-day opt-in period for potential plaintiffs who may wish to join the collective. *See* ECF No. 35–1 ¶ 4. Defendants argue for a 30-day opt-in period. Defs. Opp. at 13. In similar FLSA cases, courts in this District have approved a 60-day opt-in period, which this Court finds appropriate here. *See, e.g.*, *Racey v. Jay-Jay Cabaret, Inc.*, No. 15-cv-8228, 2016 WL 3020933, at *7 (S.D.N.Y. 2016) (finding that a 30-day opt-in period was too short "to effect [n]otice on the potential opt-in plaintiffs"); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451–52 (S.D.N.Y. 2011) (collecting cases).

### D. Defendants are Ordered to Produce Contact Information for Potential Opt-In Plaintiffs

In order to facilitate the provision of notice, Plaintiff requests that Defendants produce the names, last known addresses, last known phone numbers, last know email addresses, dates of employment, and position(s) held for those individuals entitled to notice. Pl. Mem. at 15–16. Courts in this District "commonly grant" requests for the production of such information in connection with the conditional certification of an FLSA collective action. *Martin v. Sprint/United Mgmt. Co.*, No. 15-cv-5237, 2016 WL 30334, at *19 (S.D.N.Y. 2016); *see also In re Penthouse Exec. Club Comp. Litig.*, No. 10-cv-1145, 2010 WL 4340255, at *5 (S.D.N.Y. 2010) (noting that "courts often order the production of such information at the notice stage"). Plaintiff's request that Defendants be required to provide the requested information is granted. The information must be provided promptly and may be provided by Defendants in any reasonably useable form.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional class certification, court-authorized notice pursuant to Section 216(b) of the FLSA, and an Order directing Defendants to produce specifically requested information for potential members of the collective, is GRANTED.

IT IS HEREBY ORDERED that within two weeks of the date of this Order, Defendants shall provide to Plaintiff's counsel the names, last known addresses, last known phone numbers, last know email addresses, dates of employment, and position(s) held for all potential members of the collective as previously defined in this Order.

Plaintiff's counsel may arrange to have the notice disseminated, via mail, via email, and/or text messages, to all potential members of the collective.

      The Clerk of Court is respectfully requested to close docket entry 33.

**SO ORDERED.**

**Date: February 14, 2025**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**